# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILBERT A. WASHINGTON,

        Plaintiff,

    v.                                    Case No. 10-C-0032

R. HEIDORN, M.D.,

        Defendant.

## DECISION AND ORDER

This matter is before the court on several motions filed by the plaintiff.

The plaintiff has filed two motions asking the court to appoint counsel. In support of his first motion, the plaintiff argues that he lacks a basic education and has no financial support. He also submits that he has been separated from his legal assistant and that he gets only one hour a week of library access at the Green Bay Correctional Institution. Finally, the plaintiff contends that this is a complex case with a high standard and that he cannot prevail without expert testimony.

In his second motion, the plaintiff argues that his proficiency in legal matters has come to an end and that he has been relying on the help of other inmates and a booklet. He submits that effective legal counsel is required due to the serious nature and length of the plaintiff's injuries, as well as his surgery and rehabilitation time.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a

threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff has met the threshold burden of showing a reasonable attempt to secure counsel on his own. Thus, the court must consider whether, given the difficulty of the case, the plaintiff appears competent to try the case himself.

The court is not in a position to evaluate the plaintiff's competence to try to the case himself. Although the plaintiff makes representations regarding his ability to read and write, all of the pleadings filed with the court in this case have been competent. Because it seems that these pleadings may have been prepared by another inmate, the court is unable to evaluate the plaintiff's competence. Moreover, information that someone tests at a low level is not a basis to evaluate the plaintiff's ability to try this case himself.

Moreover, the plaintiff is proceeding on one discrete Eighth Amendment medical care claim against one defendant, Dr. Heidorn. Although this claim requires the plaintiff to establish that the defendant was deliberately indifferent to his serious medical need, the plaintiff's medical records and sworn affidavits from both parties are sufficient for the court to evaluate the plaintiff's claim at the summary judgment stage. This case is unlike *Santiago v. Walls*, 599 F.3d 749 (7th Cir. 2010), in which the Seventh Circuit Court of Appeals determined that the district court abused its discretion by not recruiting counsel during discovery. In *Santiago*, the plaintiff had seven constitutional claims against eight different defendants and had been transferred to another facility, which made it difficult

2

to investigate the facts underlying his claims. *Id.* at 762-63. As previously noted, the plaintiff in this case has one claim against one defendant, and he remains at the same prison as the defendant. Accordingly, at this juncture, the court concludes that the plaintiff is competent to litigate this case and will deny the plaintiff's motions to appoint counsel.

The plaintiff also has filed thirty-eight pages of hand-written notes, medical records, and inmate complaint review system records. These papers were docketed as a motion for discovery, but they do not ask for any relief regarding discovery and they do not reference or comply with Federal Rule of Civil Procedure 37. They appear to be the plaintiff's original set of his documents regarding this case. Additionally, the letter to the Clerk of Court actually asks the court once again to provide the plaintiff with a lawyer to help him with his case. He states that he lacks the knowledge to represent himself. This is not a discovery motion, but really another request for counsel. For the reasons discussed earlier, it also will be denied.

Although the court has denied the plaintiff's motions to appoint counsel, the court will provide the plaintiff additional time to file his response to the defendant's motion for summary judgment. The court notes that the plaintiff filed a brief in opposition, but it is not a complete response to the defendant's motion and does not contain any sworn evidence.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion for appointment of counsel be and hereby is **DENIED WITHOUT PREJUDICE** (Docket #18).

**IT IS FURTHER ORDERED** that the plaintiff's motion for discovery be and hereby is **DENIED WITHOUT PREJUDICE** (Docket #24).

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel be and hereby is **DENIED WITHOUT PREJUDICE** (Docket #31).

**IT IS FURTHER ORDERED** that the plaintiff shall file a response to the defendant's motion for summary judgment on or before **Monday, November 22, 2010**.

Dated at Milwaukee, Wisconsin this 20th day of October, 2010.

**BY THE COURT**:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge